LAW OFFICES OF

# JOSHUA L. DRATEL, P.C.

A PROFESSIONAL CORPORATION
29 BROADWAY, SUITE 1412
NEW YORK, NEW YORK 10006

TEL (212) 732-0707
FAX (212) 571-3792
E-Mail: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL
——
LINDSAY A. LEWIS

STEVEN WRIGHT
*Office Manager*

October 4, 2013

**BY HAND**

**FILED UNDER SEAL**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *United States v. Zubair Tahir,*
                10 Cr. 923 (DLC)

Dear Judge Cote:

        This letter constitutes the sentencing submission on behalf of defendant Zubair Tahir, whom I represent by CJA appointment in the above-entitled case.[1]  For the reasons set forth below,

                                                        it is respectfully submitted that Mr. Tahir should receive a sentence of "time served," consistent with the recommendation in the Pre-Sentence Report (hereinafter "PSR"), which represents a reasonable sentence in this case.[2]

_____

        [2] While Mr. Tahir is eligible to receive a sentence of probation, a "time served" sentence is more technically appropriate given that Mr. Tahir served one day in federal custody prior to his release on bail.

LAW OFFICES OF
JOSHUA L. DRATEL, P.C.

Hon. Denise L. Cote
United States District Judge
Southern District of New York
October 4, 2013
Page 2 of 15

A sentence of time served would be "sufficient but not greater than necessary" to achieve the objectives of sentencing set forth in 18 U.S.C. §3553(a)(2), and would account for these several mitigating factors detailed below:

(2)     the punishment and hardship Mr. Tahir has already suffered as a result of his conviction and cooperation in this case, including the loss of his livelihood and his business, ostracism in his community and the inability to obtain employment as a result                                    fear for the safety of his family and himself, and the need to take a position at a             ¡ based company, and thus to travel frequently and live apart from his wife and daughter in order to provide for his family and to continue to pay for his daughter's college education;

(3)     Mr. Tahir's tenuous physical health, including his struggle with high blood pressure and diabetes, which would  render any further term of imprisonment far more onerous for him, thereby magnifying and aggravating the effect of any term of imprisonment;

(4)     Mr. Tahir's family is completely financially dependent on him.  As a result, any term of imprisonment would destroy his family's financial stability;

(5)     Mr. Tahir's sterling record as a hard-working and law-abiding citizen in the more than three years since his July 13, 2010, arrest and release on bail, such that the imposition of any term of imprisonment at this point would not serve the goals of sentencing, and would only interrupt his rehabilitation, and therefore be counterproductive; and

(6)     that the actual and/ or intended losses as a result of Mr. Tahir's offense conduct are mitigated – and therefore loss calculations under the Guidelines are reduced – by the fact that after foreclosure on the house at 60 Webster Avenue, in Jersey City, New Jersey, the victim was able to recoup $96,000 in losses through its

LAW OFFICES OF
JOSHUA L. DRATEL, P.C.

> Hon. Denise L. Cote
> United States District Judge
> Southern District of New York
> October 4, 2013
> Page 3 of 15

August 12, 2011, sale of that property.

Thus,                                                                    analysis of the
sentencing factors listed in 18 U.S.C. §3553(a), a "time served" sentence best achieves the
statutory objectives of sentencing.

**I.     *The Principles Governing Federal Sentencing Since* United States v. Booker,
          *543 U.S. 220 (2005), Require the Court to Look Beyond the Guidelines
          In Order to Arrive at a Sentence Sufficient But Not Greater Than Necessary
          to Achieve the Purposes of Sentencing Set Forth in 18 U.S.C. §3553(a)(2)***

In *Pepper v. United States*, ___ U.S. ___, 131 S. Ct. 1229 (2011), the Court
*twice* emphasized that a sentencing judge assumes "an overarching duty under § 3553(a) to
'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing
purposes set forth in § 3553(a)(2)." *Id*., at 1242, 1243. *See also United States v. Dorvee*, 604
F.3d 84, 93 (2d Cir. 2010) ("[u]nder §3553(a)'s 'parsimony clause,' it is the sentencing court's
duty to 'impose a sentence sufficient, but not greater than necessary to comply with the specific
purposes set forth' at 18 U.S.C. §3553(a)(2)"), *quoting United States v. Samas,* 561 F.3d 108,
110 (2d Cir. 2009).

As the Second Circuit explained in *Dorvee*,

> [e]ven where a district court has properly calculated the
> Guidelines, it may not presume that a Guidelines sentence is
> reasonable for any particular defendant, and accordingly, must
> conduct its own independent review of the §3553(a) sentencing
> factors. *See [United States v.] Cavera,* 550 F.3d [180,]189 [(2d
> Cir. 2008) (*en banc*)].

604 F.3d at 93. *See also Pepper*, ___ U.S. at ___, 131 S. Ct. at 1244-45 (statute – 18 U.S.C.
§3742(g)(2) – precluding consideration, at re-sentencing, of post-sentence rehabilitation was
invalid because it had the effect of making the Guidelines mandatory in "an entire set of cases").

Thus, as the Supreme Court declared in *Nelson v. United States*, 550 U.S. 350 (2009),
"[t]he Guidelines are not only *not mandatory* on sentencing courts;  they are also not to be
*presumed* reasonable." *Id*., at 351 (emphasis in original).[3] *See also Dorvee*, 604 F.3d at 93 ("[i]n

---

[3] While the Supreme Court's ruling in *Rita v. United States*, 551 U.S. 338 (2007),
established that a within-Guidelines sentence can be presumptively reasonable, *id.* at 347, that

Hon. Denise L. Cote
United States District Judge
Southern District of New York
October 4, 2013
Page 4 of 15

conducting this review [of the §3553(a) sentencing factors], a district court needs to be mindful of the fact that it is 'emphatically clear' that the 'Guidelines are guidelines – that is, they are truly advisory'"), *quoting Cavera,* 550 F.3d at 189.

Indeed, in *Pepper*, Justice Sotomayor again hearkened back to *Koon v. United States*, 518 U.S. 81 (1996) – as Justice Stevens had in *Rita v. United States*, 551 U.S. 338, 364 (2007) (Stevens, J., *concurring*) – repeating that

> "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

___ U.S. at ___, 131 S. Ct. at 1239-40, *quoting Koon*, 518 U.S. at 113.

Therefore, while sentencing judges must still consider the Guidelines, *see* 18 U.S.C. §3553(a)(4), nothing in the statute provides any reason to treat that calculation as more controlling of the final sentencing decision than any of the other factors a court *must* consider under §3553(a) as a whole. *See United States v. Menyweather*, 431 F.3d 692, 701 (9th Cir. 2005); *United States v. Lake*, 419 F.3d 111, 114 (2d Cir. 2005), *explaining United States v. Crosby*, 397 F.3d 103, 111-13 (2d Cir. 2005).

Also, as Justice Scalia noted in his dissent from the "remedial" opinion in *United States v. Booker,* 543 U.S. 220 (2005):

> [t]he statute provides no order of priority among all those factors, but since the three just mentioned [§§ 3553(a)(2)(A), (B) & (C)] are the fundamental criteria governing penology, the statute – absent the mandate of § 3553(b)(1) – authorizes the judge to apply his own perceptions of just punishment, deterrence, and protection of the public even when these differ from the perceptions of the Commission members who drew up the Guidelines.

543 U.S. at 304-305 (Scalia, J., *dissenting in part*).

---

presumption is restricted to appellate review and "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 351 (*citing United States v. Booker*, 543 U.S. 220, 259-60 (2005)). *See also Nelson*, 550 U.S. at 351.

LAW OFFICES OF
JOSHUA L. DRATEL, P.C.

Hon. Denise L. Cote
United States District Judge
Southern District of New York
October 4, 2013
Page 5 of 15

Moreover, the Supreme Court has been vigilant in ensuring that the Guidelines are genuinely advisory, and not merely a default sentence ratified by appellate courts by rote. For example, in *Nelson*, 550 U.S. at 350, the Court *twice* remanded the Fourth Circuit's decision(s) that affirmed a sentence even though the District Court had stated that while the Guidelines were not mandatory, they enjoyed a presumption of "reasonableness."[4] *See also Pepper*, ___ U.S. at ___, 131 S. Ct. at 1236-40.

Thus, in *Nelson*, the Court reiterated that "district judges, in considering how the various statutory sentencing factors apply to an individual defendant 'may not presume that the Guidelines range is reasonable.'" 550 U.S. at 351, *quoting Gall v. United States*, 552 U.S. 38, 50 (2007); *see also id.* ("[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable").

The broad discretion afforded district courts to determine a sentence also conforms with 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *See also United States v. Murillo*, 902 F.2d 1169, 1172 (5th Cir. 1990); *Jones*, 531 F.3d at 172, n. 6.

In fact, in *Pepper*, the Court cited §3661 as an important means of achieving just sentences: "[p]ermitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'" ___ U.S. at ___, 131 S. Ct. at 1240, *quoting Wasman v. United States*, 468 U.S. 559, 564 (1984).[5]

---

[4] *See* 237 Fed.Appx. 819 (4th Cir. 2007) and 276 Fed.Appx. 331 (4th Cir. 2008).

[5] Indeed, the Court's opinion in *Pepper* opened with the following statement:

> [t]his Court has long recognized that sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant-if not essential-to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."

___ U.S. at ___, 131 S. Ct. at 1235, *quoting Williams v. New York*, 337 U.S. 241, 246-247 (1949).

LAW OFFICES OF
JOSHUA L. DRATEL, P.C.

Hon. Denise L. Cote
United States District Judge
Southern District of New York
October 4, 2013
Page 6 of 15

As the Supreme Court directed in *Gall*, 552 U.S. at 49, "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party."

Thus, here,                                                                    via analysis and application of the §3553(a) factors, the Court possesses sufficient discretion to impose a sentence of "time served."[6]

---

[6] In fact, the most recent statistics issued by the United States Sentencing Commission with respect to the second quarter of Fiscal 2013, in *U.S. Sentencing Commission Preliminary Quarterly Data Report*, 2d Quarter Release, Preliminary Fiscal Year 2013 Data, Through March 31, 2013, disclose that in the Southern District of New York 69.6% of all sentences are *outside* the Guidelines, with only 1% of all sentences being above the Guidelines. Thus, 68.6% of all sentences in SDNY are *below* the Guidelines. The *Quarterly Data Report* is available at <http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Quarterly_Sentencing_Updates/USSC_2013_Quarter_Report_2nd.pdf>.

LAW OFFICES OF
JOSHUA L. DRATEL, P.C.

Hon. Denise L. Cote
United States District Judge
Southern District of New York
October 4, 2013
Page 7 of 15