

U.S. Department of Justice

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

September 27, 2013

**VIA HAND DELIVERY**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York  10007

    Re:    <u>United States v. Zubair Tahir</u>
            S2 10 Cr. 923 (DLC)

Dear Judge Cote:

      The Government respectfully submits this letter in connection with the sentencing of the defendant, Zubair Tahir ("Tahir" or the "defendant"), which is presently scheduled for October 10, 2013, at 10:00 a.m.

**Preliminary Statement**

      On July 12, 2010, Tahir was charged in a one-count criminal Complaint with conspiracy to commit wire fraud in connection with a mortgage fraud scheme, in violation of Title 18, United States Code, Section 1349.  Tahir was arrested on July 13, 2010, and presented on the Complaint the same day.

      On December 9, 2010, Tahir appeared before the Court to waive indictment and plead guilty to a two-count Superseding Information, S2 10 Cr. 923 (DLC).  Count One of the Information charged Tahir with participating in a conspiracy to commit wire fraud, from at least August 2006 through February 2008, in violation of Title 18, United States Code, Section 1343.

Honorable Denise L. Cote
September 27, 2013

Count Two of the Information charged Tahir with causing checks to be cashed at a check-cashing company in New Jersey, that were valued at, or slightly less than, $10,000 in order to evade the currency transaction reporting requirements and while attempting to conceal payments made in furtherance of the conspiracy charged in Count One, from at least August 2006 through February 2008, in violation of Title 31, United States Code, Sections 5324(a)(1) and (d)(2), and Title 18, United States Code, Section 2. In addition, pursuant to Title 18, United States Code Section 981, 982, Title 21, United States Code Section 853, and Title 28, United States Code Section 2461, the Superseding Information set forth a forfeiture provision in the amount of $3,046,869, as the approximate proceeds obtained as a result of the offense alleged in Count One of the Information. The forfeiture allegation was set forth in the plea agreement.

### Case Background and Criminal Conduct

As set forth herein, Tahir and his co-conspirators engaged in a mortgage fraud scheme which involved, among other things, the use of "straw buyers" to purchase homes by providing materially false information to mortgage companies to obtain loans, including but not limited to, false tax returns, false verifications of employment, as well as false statements that the "straw buyer" would reside in the home. In total, the scheme involved approximately six properties, one of which was an apartment building containing four units.

In 2006, Tahir, along with another co-conspirator, Sarfraz Tariq, established Globe Construction ("Globe"), a construction company in New Jersey that Tahir operated. Tahir and his co-conspirators purchased various properties by providing materially false information to the mortgage companies. Tariq, who worked in the mortgage industry, was to oversee the mortgages.

Following the purchase of various properties, Tahir handled the renovations through Globe to increase their value. Tahir and his co-conspirators thereafter recruited several "straw buyers" – to whom they paid kickbacks – to purchase the various properties. The "straw buyers" would provide the mortgage company with false or fabricated tax returns, false salaries, as well as other false statements without which the straw buyer would have not received the loans from the banks. The mortgages on all but one of the properties went into default, some of which resulted in foreclosures.

Honorable Denise L. Cote
September 27, 2013

   As part of the scheme, Tahir and/or other co-conspirators would provide money to the "straw buyers" either as kickbacks or to enable the "straw buyers" to pay the first few months of mortgage payments. In doing so, Tahir and his co-conspirators would deposit money or cash checks into various bank accounts in increments less than $10,000 to avoid triggering the reporting obligations by financial institutions.

   Tahir does not have any other criminal history.

Honorable Denise L. Cote
September 27, 2013



Honorable Denise L. Cote
September 27, 2013



Honorable Denise L. Cote
September 27, 2013

## Conclusion

[REDACTED]

                                         Respectfully submitted,

                                         PREET BHARARA
                                         United States Attorney

By: _____
                                       Daniel S. Goldman
                                       Carolina A. Fornos
                                       Assistant United States Attorneys
                                       (212) 637-2289/2740

cc:    Joshua Dratel, Esq./Lindsay Lewis, Esq. (via email)